UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                      Civil No. 2:23-cv-00247

vs.

MARBLE ARMS CORP. GAME GETTER
COMBINATION FIREARM CAL:22/410
SERIAL NUMBER 12044,

    Defendant.
_____/

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through Mark A. Totten, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, brings this Complaint for Forfeiture *In Rem* and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF ACTION**

1.    This is a civil forfeiture action filed pursuant to 26 U.S.C. §§ 5845(e), 5861(d), 5872(a) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America a Marble Arms Corp. Game Getter Combination Firearm Cal:22/410 serial number 12044 (the "Defendant Firearm").

## THE DEFENDANT IN-REM

2. The Defendant Firearm consists of a Marble Arms Corp. Game Getter Combination Firearm Cal:22/410 serial number 12044 and is a combination firearm with barrels 12 inches or more, but less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and thus constitutes "any other weapon" as defined by 26 U.S.C. § 5845(e) of the National Firearms Act. The Defendant Firearm is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

## JURISDICTION AND VENUE

3. This Court has *in rem* jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 and 1355(b)(1), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Firearm was found within this judicial district.

## BASIS FOR FORFEITURE

5. As set forth below, the Defendant Firearm is subject to forfeiture to the United States pursuant to 26 U.S.C. § 5872(a), because it was received and possessed in violation of 26 U.S.C. § 5861(d), which makes it a crime to receive or possess a combination firearm with barrels 12 inches or more, but less than 18 inches in length,

from which only a single discharge can be made from either barrel without manual reloading, as defined by 26 U.S.C. § 5845(e), that is not registered in the National Firearms Registration and Transfer Record.

## FACTS SUPPORTING FORFEITURE

6. The National Firearms Act ("NFA"), codified as part of the Internal Revenue Code at 26 U.S.C. chapter 53 (26 U.S.C. §§ 5801-5872), imposes strict tax and registration requirements upon certain types of firearms and other dangerous devices that fall within NFA's narrow firearm definition.

7. The NFA forfeiture provision, 26 U.S.C. § 5872, authorizes administrative and civil judicial forfeiture of NFA firearms for violations of the NFA or federal regulations promulgated under the NFA.

8. In general, under the NFA, manufacturers, dealers, and importers handling the regulated firearms must themselves register with ATF, must pay special occupational taxes, and must register each firearm in the National Firearms Registration and Transfer Record ("NFRTR"), which is maintained by ATF. NFA-regulated firearms are forfeitable under 26 U.S.C. § 5872(a) if they are manufactured, imported, transferred, received, or possessed without payment of the applicable taxes; if they are not duly registered with ATF in NFRTR; and if parties dealing with them fail to obtain proper licenses, make false statements, or fail to maintain certain required records. 26 U.S.C. § 5861.

9. The Defendant Firearm is an "NFA firearm" because it consists of a Marble Arms Corp. Game Getter Combination Firearm Cal:22/410 serial number

12044 and is a combination firearm with barrels 12 inches or more, but less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and thus constitutes "any other weapon" as defined by 26 U.S.C. § 5845(e) of the NFA.

10. As an "NFA firearm," the Defendant firearm cannot be received or possessed without payment of applicable taxes and due registration with ATF in the NFRTR.

11. On or about April 25, 2022, the Defendant Firearm was not registered with ATF in the NFRTR.

12. On or about April 25, 2022, William Potvin possessed and attempted to transfer the Defendant Firearm to Old Glory Firearms, a Federal Firearms Licensee (FFL) #438-10971, in Gladstone, Michigan, within the Western District of Michigan.

13. According to William Potvin, he previously received the Defendant Firearm after his father died and did not know if the Defendant Firearm was registered in the NFRTR. Potvin believed that his father purchased the Defendant Firearm from Marble Arms & Manufacturing Company in Gladstone, Michigan.

14. On or about April 27, 2022, an ATF agent physically examined the Defendant Firearm, and confirmed that it is a combination firearm with barrels 12 inches or more, but less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading.

15. On or about April 27, 2022, ATF seized the Defendant Firearm in Gladstone, Michigan, and provided ATF Form 3400.23 – Receipt for Property and

Other Items to Potvin.

16. Under 26 U.S.C. § 5861(d), it shall be unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

17. Under 26 U.S.C. § 5845(a), (e), for purposes of the National Firearms Act, the term "firearm," among other things, means "any other weapon . . . with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire."

18. Under 26 U.S.C. § 5872(a), any firearm involved in any violation of the provisions of the National Firearms Act shall be subject to seizure and forfeiture.

## CLAIM

19. Plaintiff hereby realleges each and every paragraph, numbered 1 through 18, as referenced above.

20. The Defendant Firearm is forfeitable to the United States pursuant to 26 U.S.C. § 5872(a) because the Defendant Firearm was received and possessed in violation of 26 U.S.C. § 5861(d).

## RELIEF

WHEREFORE, the United States prays that the usual process for forfeiture issue against the Defendant Firearm; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and prays that the Defendant Firearm be condemned and forfeited to the

United States of America and be delivered into the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives for disposition according to law, and for such other relief as this court may deem just and proper.

MARK A. TOTTEN
United States Attorney

Dated: 12/21/2023

*[signature]*

DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## **VERIFICATION**

I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and one of the agents assigned the responsibility for this case.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 12/21/2023

AARON R. VOOGD
Special Agent
ATF